Brian G. Beecher, Esq. (SBN 239486)
bbeecher@arashlaw.com
**THE LAW OFFICES OF
ARASH KHORSANDI, PC**
2960 Wilshire Blvd., Third Floor
Los Angeles, CA  90010
Telephone:  (310) 277-7529
Facsimile:   (310) 388-8442

Attorneys for Plaintiff
ANTHONY ALLEN

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALLEN;<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RENE RAMIREZ BERNAL; A & I TRANSPORT, INC; GREGORY A. MEREDITH; NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK; and DOES 1-20,<br><br>　　　　　　Defendants. | Case No.<br><br>**PLAINTIFF ANTHONY ALLEN'S COMPLAINT AND DEMAND FOR JURY TRIAL** |


Plaintiff ANTHONY ALLEN, based on knowledge as to himself and on information and belief as to all others, through her undersigned attorneys, complains and alleges as follows:

## PARTIES

1. Plaintiff ANTHONY ALLEN ("Plaintiff") is an individual residing in the State of California.

2. Plaintiff is informed and believes that Defendant RENE RAMIREZ BERNAL ("Bernal") is an individual residing in the State of California.

3. Plaintiff is informed and believes that Defendant A & I TRANSPORT, INC ("Transport") is a California corporation doing business in the State of California and San Joaquin County, and the judicial district in which this Complaint is filed.

4. Plaintiff is informed and believes that Defendant GREGORY A. MEREDITH ("Meredith") is an individual residing in the State of California.

5. Plaintiff is informed and believes that Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK ("Amtrak") is a corporation duly organized and existing under the laws of the District of Columbia; is a quasi-public-for-profit corporation; and is not a government-controlled corporation.

6. Plaintiff is further informed and believes and on that basis alleges that Amtrak operates train service throughout the United States, including the State of California and San Joaquin County, and the judicial district in which this Complaint is filed.

7. Plaintiff is also informed and believes and upon that basis alleges that Amtrak is a "common carrier" of individuals under the laws of the State of California and of the United States of America and, as such, owes a duty to its passengers to use the utmost care and diligence for its passengers' safety.

8. Plaintiff is unaware of the true names and capacities, whether individual, corporate or otherwise, of the Defendants sued herein as DOES 1 through 20, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of such fictitiously named Defendants when ascertained. Plaintiff alleges

that each of such fictitiously named Defendants are in some manner connected with the matters alleged herein and are liable to Plaintiff therefore.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this claim against Amtrak under 28 U.S.C. § 1331 (federal question jurisdiction) because Amtrak was incorporated by an Act of Congress (45 U.S.C. § 501 *et seq.*), and the United States of America owns more than 50 % of Amtrak's capital stock (28 U.S.C. § 1349).

10. The tortious acts and/or omissions of Bernal, Transport, Meredith, and Amtrak occurred in the County of San Joaquin, in the State of California, and this Judicial District, and thus this lawsuit is brought in the United States District Court in the Eastern District of California, located in Sacramento, California.

## AGENCY OF BERNAL AND TRANSPORT AND DOES 1-20

11. At all times relevant, Bernal and Transport and DOES 1-20, was and is the agent, partner, employee, co-venturer, and/or co-conspirator of each of the remaining Defendants and, in doing the things alleged herein acted within the scope, course, purpose, consent, knowledge, ratification, and/or authorization of such agency, partnership, employment, joint venture, and/or conspiracy. Wherever reference is made herein to the "Truck Defendants," such allegations shall be deemed to mean the acts of Bernal, Transport, and DOES 1-20 acting individually, jointly and/or severally.

## AGENCY OF MEREDITH AND AMTRAK AND DOES 1-20

12. At all times relevant, Meredith and Amtrak and DOES 1-20, was and is the agent, partner, employee, co-venturer, and/or co-conspirator of each of the remaining Defendants and, in doing the things alleged herein acted within the scope, course, purpose, consent, knowledge, ratification, and/or authorization of such agency, partnership, employment, joint venture, and/or conspiracy. Wherever reference is made herein to the "Train Defendants," such allegations shall be deemed to mean the acts of Meredith, Amtrak, and DOES 1-20 acting individually, jointly and/or severally.

///

## VICARIOUS LIABILITY

13. Plaintiff is informed and believes, and on that basis, alleges, that at all times herein mentioned, each Defendant, named or fictitiously named:

   a. was responsible in some manner or way for the events and/or happenings referred to herein, and/or caused injury and damages directly and/or proximately thereby to Plaintiff as alleged herein;

   b. is vicariously liable and responsible, as an agent, employee, joint venturer, member, partner, or co-conspirator, for the happenings, events, injuries and/or damages alleged herein; or

   c. otherwise is an indispensable party to this action.

## COMMON ALLEGATIONS

14. On approximately August 15, 2016, Plaintiff was a paying passenger on a train owned and maintained by Amtrak (hereinafter, the "Train"), with operators, including Meredith, employed by Amtrak.

15. On approximately August 15, 2016, the Truck Defendants failed to use reasonable care so that they caused a motor vehicle (a truck and trailer) to be stationed across railroad tracks located at the approximate intersection of Whiskey Slough Road and BNSF Railroad in the County of San Joaquin.

16. The Train Defendants encountered the Truck Defendants' truck and trailer crossing the railroad tracks at the approximate intersection of Whiskey Slough Road and BNSF Railroad, and the Train Defendants failure to use reasonable care to prevent a collision.

17. Accordingly, at the approximate intersection of Whiskey Slough Road and BNSF Railroad, a collision occurred between the Train operated by the Train Defendants and the truck and trailer operated by the Truck Defendants (the "Collision").

18. In connection with the Collision, Plaintiff sustained injuries to his person.

///

///

///

## FIRST CAUSE OF ACTION

### (Negligence; By Plaintiff Against All Defendants)

19. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereinabove.

20. The Train Defendants owed duties of care to Plaintiff to deliver Plaintiff as a passenger safely to his destination.

21. The Truck Defendants owed duties of care to Plaintiff to act as a reasonable driver.

22. The Train Defendants breached their duty of care to Plaintiff to deliver him safely to his destination by failing to reasonably maintain and operate the Train, and failing to take adequate and reasonable measures to prevent the Collision.

23. The Truck Defendants breached their duty of care owed to Plaintiff by failing to reasonably maintain and operate their truck and trailer in a reasonable fashion, and failing to take adequate and reasonable measures to prevent the Collision.

24. As a direct proximate result of the acts and omissions of Defendants, Plaintiff sustained injuries in connection with the Collision.

25. Plaintiff continues to seek treatment for his injuries, and thereon alleges that these injuries have caused her to suffer severe pain, suffering, interruption of the enjoyment of life, temporary (and potentially permanent) disability, as well as emotional distress and mental suffering, including but not limited to fright, shock, nervousness, anxiety, worry, horror, grief, mortification, apprehension, fear, terror, and ordeal, as well as the costs of his medical and other care, as well as other damages to be proven at trial but believed to be in excess of the jurisdictional amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court to order judgment in his favor and against Defendants and DOES 1-20 as follows:

(A) For general damages according to proof at time of trial, but in excess of the jurisdictional minimum of this Court;

- 4 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**

   (B) For compensatory and/or special damages according to proof at time of trial, but in excess of the jurisdictional minimum of this Court;

   (C) For consequential damages in a sum to be proven at trial, but in excess of the jurisdictional minimum of this Court;

   (D) For prejudgment interest;

   (E) All costs of suit herein incurred;

   (F) For attorney fees as permitted by law; and

   (G) Such other and further relief as the Court may deem proper.

Dated: May 21, 2018  **THE LAW OFFICES OF ARASH KHORSANDI, PC**

By: _____
Brian G. Beecher
Attorneys for Plaintiff ANTHONY ALLEN

### **DEMAND FOR JURY TRIAL**

Plaintiff Anthony Allen hereby demands a jury trial.

Dated: May 21, 2018  **THE LAW OFFICES OF ARASH KHORSANDI, PC**

By: _____
Brian G. Beecher
Attorneys for Plaintiff ANTHONY ALLEN